THEODOR SCHIFFMAN, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schiffman v. Commissioner
Docket No. 28918-81
United States Tax Court
T.C. Memo 1985-281; 1985 Tax Ct. Memo LEXIS 351; 50 T.C.M. (CCH) 116; T.C.M. (RIA) 85281; June 12, 1985. Theodor Schiffman, pro se. Robert Wagner, for the respondent. HAMBLEN MEMORANDUM FINDINGS OF FACT AND OPINION HAMBLEN, Judge: Respondent determined deficiencies in petitioner's Federal income taxes and imposed additions to the tax under section 6653(a) [1] as follows: Addition to Tax
Year
Deficiency
Sec. 6653(a)
1976
$41,574.44
$2,078.72
1977
19,069.34
953.47 After concessions [2] the issues for decision are: (1) whether petitioner's cost of goods sold for each year *352 at issue is limited to the amounts determined by respondent; and (2) whether any part of the underpayment for each year at issue was due to negligence. FINDINGS OF FACT Some of the facts have been stipulated and are found accordingly. The stipulation of facts and attached exhibits are incorporated herein by this reference. Petitioner resided in New York, New York, when he filed his petition in this case. Petitioner was a 25 percent shareholder and vice-president of Tibi Trading Corporation ("Tibi") *353 during 1976 and 1977. Tibi dealt in the purchase and sale of plastic goods. Petitioner also dealt in the purchase and sale of plastic goods through a business he operated as a sole proprietorship. During the taxable years 1976 and 1977, petitioner had an arrangement with Sponge Clean Products pursuant to which Tibi and petitioner purchased plastic goods from Sponge Clean Products. Under the arrangement petitioner purchased 75 percent of the goods and Tibi purchased 25 percent of the goods. Tibi was given an invoice for the goods it purchased and made all payments by check. Petitioner's individual purchases were made in cash and were not reflected on any invoices. Petitioner's gross receipts from sale of the goods he purchased from Sponge Clean Products were $203,344 in 1976 and $110,323 in 1977. Petitioner has no books or records of the purchases and sales he made during 1976 and 1977. On audit of petitioner's Federal income tax returns for these years, respondent determined that the amounts reported as cost of goods sold should be reduced. Petitioner had computed his cost of goods sold as approximately 92 percent of his gross receipts. Comparing petitioner's individual *354 cost of goods sold with the average cost of goods sold of Tibi for its taxable years ending September 30, 1976, September 30, 1977, and September 30, 1978, respondent determined that petitioner's cost of goods sold should be reduced to 58 percent of gross receipts. OPINION Petitioner claims that respondent erred in his determination of cost of goods sold for both of the years at issue. A taxpayer is required to maintain records sufficient to show whether or not he is liable for Federal income taxes. Sec. 6001. Where a taxpayer fails to maintain adequate records, the Commissioner may use other means to determine his taxable income. Sec. 446(b). Petitioner bears the burden of proving that respondent's determinations are incorrect. ; Rule 142(a). If petitioner can establish that some deductible expenditures have been made, absolute certainty is not required and the Court may approximate the allowble deductions "bearing heavily if it chooses upon the taxpayer whose inexactitude is of his own making." . Here, petitioner failed to *355 submit books and records to respondent to substantiate the cost of goods sold which he reported on his Federal income tax returns for 1976 and 1977. Consequently, respondent redetermined petitioner's cost of goods sold using a percentage based on the cost of goods sold reported by Tibi, a related entity which was engaged in activities similar to petitioner. [3] Petitioner presented no evidence to show that respondent's determinations were incorrect other than his own self-serving statements that respondent's determinations were in error. Although we may estimate expenditures, petitioner has not offered sufficient evidence from which we can estimate cost of goods sold or other deductions in excess of the amounts determined by respondent.Therefore, we will not apply the rule in In addition we find that petitioner was not a credible witness. [4] Finally, it is apparent that petitioner's own reporting of cost of goods sold for the years at issue was based on estimates and not on actual inventory amounts. Under these circumstances we do not find that petitioner has met his burden of proving that cost of goods sold for 1976 and *356 1977 were in excess of the amounts determined by respondent. Petitioner also claims that respondent's determination that some part of the underpayment was due to negligence or intentional disregard of the rules or regulations is in error. Petitioner has the burden of proving that respondent's determinations *357 are incorrect. ; Rule 142(a). Here, petitioner has not produced any evidence which would sustain his burden of proof. In addition it is apparent from the record in this case that petitioner never maintained adequate books and records [5] and simply used estimated "markup" amounts as the basis for the cost of goods sold reported on his Federal income tax returns for 1976 and 1977. These circumstances alone indicate that petitioner's underpayment was due to negligence or intentional disregard of the rules and regulations. Consequently, we will sustain respondent's determination that petitioner is liable for the addition to tax under section 6653(a) for 1976 and 1977. To reflect the foregoing, Decision will be entered for the respondent.
Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect during the years at issue. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
2. Petitioner maintained that he was not aware of concessions made in the stipulation of facts. Under four rules stipulations are binding on the parties to the extent of their terms. Rule 91(e). Therefore, we will not consider the issues conceded by petitioner in the stipulation of facts. In addition we note that petitioner bears the burden of proof on the issues subject to the concessions. Rule 142(a). Petitioner did not introduce any evidence to meet his burden of proof.↩
3. Petitioner argued that the cost of goods sold for Tibi was not a proper measure for cost of goods sold of petitioner in part because Tibi reworked the material purchased while petitioner did not rework the material. Petitioner also indicated that Tibi paid a higher price for the materials it purchased because it could salvage more of the material in the process of reworking it. Petitioner offered no evidence which would support his claim that the cost of goods sold of Tibi was not the proper basis for computing his own cost of goods sold other than his self-serving statements which wo do not find to be credible. ↩
4. For example, petitioner testified that he would sell flannel backed material for $ .42 or $ .43 per yard. However, invoices prepared by petitioner show that he sold his material for prices well in excess of those which he stated at the trial of this case.↩
5. Both at the time of his audit and at the trial of this case petitioner contended that he had maintained rudimentary records which disappeared after agents of the Federal Bureau of Investigation searched his business premises. Petitioner maintained that he had evidence of such an investigation but did not produce the evidence at the trial of this case.↩